IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 4:22-CR-00110 |
| | § | |
| ERIC REED MARASCIO | § | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF RELEASE PENDING TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the Defendant, ERIC REED MARASCIO by and through undersigned counsel, pursuant to 18 U.S.C. § 3142(g), and hereby moves this Court to release him subject to conditions of release during the pendency of the above styled and numbered criminal case. In support of this motion, Mr. Marascio would respectfully show unto the Court as follows.

I.

**LEGAL AUTHORITY**

A.   **Standard of Review for Detention**

Under the Bail Reform Act, a defendant shall be released pending trial unless a judicial officer determines that release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). "[T]he lack of reasonable assurance of either the defendant's appearance or the safety of others or the community is sufficient; both are not required." *Fortna*, 769 F.2d at 249 (citation omitted). "[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required," a court must consider: "(1) the nature and circumstances of the offense charged ...; (2) the weight of the evidence against the person; (3)

the history and characteristics of the person ...; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). In ascertaining whether risk of flight warrants detention, "the judicial officer should determine, from the information before him, that it is more likely than not that no condition or combination of conditions will reasonably assure the accused's appearance." *Fortna*, 769 F.2d at 250 (citation omitted).

Moreover, a defendant's threat to safety of other persons or to community, standing alone, will not justify pretrial detention under the Bail Reform Act; it is also necessary to establish that conduct of the defendant involves one of six circumstances listed in the statute. *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992). "Only if, after a hearing pursuant to § 3142(f), the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required **and** the safety of any other person and the community shall the judicial officer order detention." *Id*. (emphasis added) (internal citations omitted); *see also United States v. Okhumale*, 813 Fed.Appx. 936, 939 (5th Cir. 2020) (unpublished) ("In *Byrd* we expressly adopted the approaches of the First and Third Circuits, which we described as holding 'that a person's threat to the safety of any other person or the community, in the absence of one of the six specified circumstances, could not justify detention under the Act.'"). The six specified circumstances, of which one must be proven to be present, are listed in 18 U.S.C. § 3142(f)(1) and (f)(2).

## II.

## ARGUMENT

### A. Mr. Marascio is not a serious risk of flight

Mr. Marascio has significant ties to the community and is not a risk of flight. If one reviews the attached character letters and pictures of his community involvement it clearly demonstrates

his significant ties to the community and reduces his risk of flight.  Secondly, it is counsel's understanding that Mr. Marascio along with some of the other defendants were aware of this investigation.  Mr. Marascio being aware of this investigation had ample opportunity to flee but did not and that favors release.  Additionally, Mr. Marascio has elderly patients that need his care and that reduces his risk of flight. Finally, his girlfriend Jamie McCarty is willing to be a third party custodian for Mr. Marascio and that will ensure his appearance in court.

### B. **Mr. Marascio does not pose a serious risk or danger to the community**

Mr. Marascio is on parole and the pre-trial services report indicates that the Texas Parole Board will not take any action until the above matter is concluded.  This position is significant since it shows his compliance with his conditions but also that they are not concerned that he is a danger to the community.  Also, his past charitable work demonstrates that he is an asset to the community and far from being a danger.

### C. **There are conditions which could be imposed to reasonably assure the Defendant's presence and the safety of the community.**

This Court has at its disposal a myriad of options that it could utilize to craft a set of conditions which would assure not only the safety of the community, but Mr. Marascio's continued appearance at any future court settings. Mr. Marascio would be willing to abide any conditions this Court feels is reasonable, including, but not limited to: the surrender of his passport; GPS monitoring; being released into the custody of third-party custodian Jamie McCarty; home confinement; restrictions on opening, accessing or modifying bank accounts; and any other conditions the Court thinks necessary to ensure Mr. Marascio's compliance.

## III.

## CONCLUSION AND PRAYER FOR RELIEF

Counsel acknowledges Mr. Marascio's past criminal history however that occurred over ten years ago and should have decreased significance in evaluating whether to release Mr. Marascio. Mr. Marascio is not a serious risk of flight. Nor is he a danger to the community. A finding to the contrary is and would be improper given the lack of evidence for either. As such, detention of Mr. Marascio would be improper pursuant to the Bail Reform Act and the Fifth Circuit precedent set in *Byrd*. Therefore, Defendant requests that this Court release Mr. Marascio on a combination of conditions to reasonably assure his appearance.

Respectfully submitted,

WHALEN LAW OFFICE

/s/JAMES P. WHALEN
JAMES P. WHALEN
TEXAS BAR CARD NO. 00794837
9300 John Hickman Pkwy, Suite 501
Frisco, Texas 75035
Telephone: (214) 368-2560
Facsimile: (972) 829-8654
COUNSEL FOR DEFENDANT
ERIC REED MARASCIO

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing motion was delivered to Anand Varadarajan, the Assistant United States Attorney in charge of this case, via CM/ECF, on this the 30th day of May 2022.

/s/ James P. Whalen
JAMES P. WHALEN