IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 4:22-CR-110 |
| | § | Judge Kernodle |
| ERIC MARASCIO (6) | § | |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO REVIEW DETENTION ODER

Defendant Eric Marascio seeks to reopen detention and requests his release pending trial.  Dkt. No. 248.  The United States opposes this request because the defendant does not have a substantive basis under 18 U.S.C. § 3142(f)(2)(B) to reopen detention.  And even if detention were reopened, the circumstances informing the Court's order of detention—namely his prior conduct in ripping off an ankle monitor and fleeing while on bond—have not changed.

The defendant's motion does not meet the standard for reopening detention under 18 U.S.C. § 3142(f)(2)(B), which states:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing **and** that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. 3142(f)(2)(B) (emphasis added).  The defendant has failed to clear both prongs under the statute.  *First*, nothing presented in the defendant's motion could reasonably constitute information "not known to the movant" at the time of the hearing.  The conclusory statements about the defendant's alleged good behavior while on parole does

not qualify as "new" information, as it was plainly available to the defendant at the time of the detention hearing. Moreover, the defendant's assertions directly contradict the agent's testimony and the Court's findings (Dkt. No. 158, p. 4). Nor does his parents' learning of the case qualify as information "not known to the movant." At the time of his arrest and detention, the defendant had a choice to inform his parents[1] and ask them to be his third-party custodians, as opposed to his girlfriend. He chose not to and opted instead to proceed with a detention hearing. The defendant's decision hardly qualifies as "new" information warranting a reopening of the detention issue.

*Second*, the defendant has not shown that either of these developments will have a "material bearing" on the flight risk issue. Indeed, the Government submits that the defendant's arguments have no effect on the crux of why the Court ordered detention in the first place. As detailed in the Court's detention order (Dkt. No. 158) and in a published opinion (*Marascio v. Texas*, No. 05-10-1025, 2012 WL 472920, at *1 (Tex. App.—Dallas Feb. 15, 2012, pet. ref'd)), the defendant has an alarming history of defying the court. Dkt. No. 158, p. 3-4. For instance, in relation to money laundering charges in 2008, the defendant was released pending trial, required to wear an ankle monitor, and ordered to appear at court settings. *Id*. However, before the trial took place, the defendant failed to appear at his pretrial conference and trial setting, withdrew funds from his bank account, removed his ankle monitor, and fled to Washington, D.C. *Id*. What's more, when the

---

[1] In fact, the defendant provided his parents' address in Allen, Texas to the pretrial services officer as his "employer address" (Dkt. No. 104, p. 2) and to the parole officer as his residential address. This fact suggests that his parents either (1) should have known about the defendant's activities or (2) were oblivious to them altogether. Regardless, it demonstrates that they would be unsuitable third-party custodians.

defendant was finally apprehended in South Carolina, he identified himself using an alias, possessed a "World Government of World Citizens Passport," and purported to be a "Moor National." *Id.*

Although the defendant may argue that he now has a suitable third-party custodian (his parents), it is important to note that the Court's initial decision to detain the defendant did not stem from issues with his proposed custodian. Dkt. No. 158. Rather, it was based primarily on his prior history and failure to comply with conditions of release. Nothing presented in the defendant's motion and nothing stated by the defendant's parents could conceivably change the defendant's documented defiance of a court orders, attempts to flee, liquidation of potential criminal proceeds, and use of fictitious identifiers. If anything, the Government submits that the defendant's incentive to flee is greater than ever now that he is under federal indictment and facing up to twenty years incarceration.

For these reasons, the defendant's request to reopen detention should be denied and he should continue to be detained pending trial.

                                              Respectfully submitted,

                                              BRIT FEATHERSTON
                                              UNITED STATES ATTORNEY

                                              */s/ Anand Varadarajan*
                                              ANAND VARADARAJAN
                                              Assistant United States Attorney
                                              Texas State Bar No. 24088576
                                              Email:   anand.varadarajan@usdoj.gov

                                              G.R. JACKSON
                                              Assistant United States Attorney
                                              Texas State Bar No. 00784874
                                              Email:   glenn.roque-jackson@usdoj.gov

101 East Park Boulevard, Suite 500<br>
Plano, Texas 75074<br>
972-509-1201<br>
Fax: 972-509-1209

## **CERTIFICATE OF SERVICE**

I certify a true and correct copy of this motion was served on defense counsel by electronic filing (CM/ECF) on this 15th day of September 2022.

                                          */s/ Anand Varadarajan*
                                        Anand Varadarajan