IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 4:22-CR-110-6-JDK-AGD |
| | § | |
| ERIC REED MARASCIO | § | |

**DEFENDANT'S SENTENCING MEMORANDUM**

The Presentence Report ("PSR") correctly calculates that Eric Reed Marascio ("Mr. Marascio") faces a sentencing guideline range of 33-41 months' imprisonment. PSR, ¶ 79. Notably, however, on the day of his sentencing, Mr. Marascio will have already served 35 months and 14 days since his initial arrest on May 17, 2022. *See* PSR, Page 2. The United States Probation Department did not identify "any factors that would warrant a departure from the applicable sentencing guideline range," and Mr. Marascio respectfully asks for a guideline sentence. PSR, ¶ 96.

In its Sentencing Memorandum, the government argues that Mr. Marascio's case stands out, in part, because of his criminal history. It also notes that Mr. Marascio's case is unique because "[h]e also took this case to trial." *See* Docket No. 926. Counsel cannot disagree: Mr. Marascio has criminal history, and he lost the chance to reduce his exposure by pleading guilty in this case. However, Mr. Marascio asks this Court to recognize that the current guideline range already accounts for those factors. Indeed, Counsel estimates that if Mr. Marascio had pleaded guilty instead of exercising his constitutional right to a trial in this case, he likely would

1

have pleaded guilty to Count I of the Superseding Indictment[1] (thereby avoiding the two-level increase in Count II for sustaining a conviction under 18 U.S.C. § 1956), and he would have received an additional reduction of three offense levels for "Acceptance of Responsibility" pursuant to U.S.S.G. § 3E1.1.  That swing would have resulted in a Total Offense Level of 14, which, coupled with a Criminal History Category of III, yields a sentencing guideline range of 21-27 months' imprisonment.  In short, the current sentencing guideline range already accounts for the pertinent factors in this case.

Finally, Mr. Marascio understands that pursuant to 18 U.S.C. § 3553(a)(2)(B) and (C), the Court must consider the need for the sentence imposed "to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant."  As the PSR points out, Mr. Marascio was sentenced to 75 years' imprisonment on December 10, 2010, and "[t]he sentence is scheduled to discharge on April 13, 2087[.]"  PSR, ¶ 42.  Further, Mr. Marascio "is subject to pending parole revocation proceedings."  *Id.*  Mr. Marascio's upcoming parole revocation proceeding, in conjunction with the applicable term of supervised release in this case, are additional considerations that help the Court address those sentencing factors.

## CONCLUSION

For the reasons set forth, Counsel urges this Court to impose a guideline sentence in this case.  *See Pepper v. United States,* 131 S.Ct. 1229, 1239 - 1240 (2011) (citing *Koon v. United States,* 518 U.S. 81, 113 (1996) for the proposition that "[i]t has been uniform and constant in

---

[1] Aside from Mr. Marascio and Mr. Cord Dean Newman, it appears that the vast majority of the Co-Defendants in the First Superseding Indictment who were named in both Count I (Conspiracy to Commit Wire Fraud) and Count II (Conspiracy to Commit Money Laundering) ultimately only pleaded guilty to Count I, and the government agreed to dismiss Count II.

the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.").

Respectfully submitted,

/s/ *Stephen J. Green*
STEPHEN J. GREEN
Stephen Green Law, PLLC
Texas Bar No. 24082163
8350 N. Central Expy
Suite 1900
Dallas, TX 75206
214-600-7255
stephen@greenclark.law

**CERTIFICATE OF SERVICE**

I, Stephen J. Green, certify that on April 24, 2025, I electronically filed this document with the clerk for the United States District Court, Eastern District of Texas, using the electronic filing system for the court.

s/ Stephen J. Green
STEPHEN J. GREEN